UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ROLAND BOTTORFF, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:23-cv-01936-MJD-TWP |
| ) | |
| MENARDS, INC., ) | |
| HOWARD COMPANIES LLC, ) | |
| ) | |
| Defendants. ) | |

### ENTRY ON JURISDICTION AND ORDER TO SHOW CAUSE

It has come to the Court's attention that Plaintiff Roland Bottorff's ("Bottorff") Amended Complaint (Filing No. 45) fails to allege all of the facts necessary to determine whether this Court has subject matter jurisdiction over this case. Bottorff initiated this personal injury action by filing his original Complaint against Defendant Menards, Inc. ("Menards") in the Hendricks Superior Court 4 under Cause No. 32D04-2309-CT-000188 (Filing No. 1-1). For purposes of diversity jurisdiction, Bottorff is a citizen of Indiana, and Menards is a citizen of Wisconsin (Filing No. 13). On October 27, 2023, Menards removed this action to federal court on the basis of diversity jurisdiction (Filing No. 1).

On March 8, 2023, Menards moved for leave to amend its answer to add Howard Companies LLC as a non-party (Filing No. 41). On March 18, 2024, while Menard's motion remained pending, Bottorff moved for leave to add Howard Companies LLC as a defendant (Filing No. 42). Menards did not file a response to Bottorff's motion for leave, and the Court granted the unopposed motion (Filing No. 44). On April 4, 2024, Bottorff filed his Amended Complaint against Menards and Howard Companies LLC.

Pursuant to 28 U.S.C. § 1447(e), "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to state court." 28 U.S.C. § 1447(e); *see Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752 (7th Cir. 2009) (holding that district court erred by denying remand after Magistrate Judge granted unopposed, post-removal motion to join non-diverse defendant). Neither the Amended Complaint nor the Notice of Removal sufficiently alleges the citizenship of Howard Companies LLC such that the Court can determine whether the post-removal joinder of Howard Companies LLC destroyed diversity jurisdiction. "For diversity jurisdiction purposes, the citizenship of an LLC is the citizenship of each of its members." *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007). "Consequently, an LLC's jurisdictional statement must identify the citizenship of each of its members as of the date the complaint or notice of removal was filed, and, if those members have members, the citizenship of those members as well." *Id.*

Accordingly, Bottorff and Menards shall have **through April 26, 2024**, in which to identify the citizenship of Defendant Howard Companies LLC and to **SHOW CAUSE**, in writing, why this case should not be remanded back to the Hendricks Superior Court for lack of subject matter jurisdiction.

**SO ORDERED**.

Date: 4/9/2024

_____
Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Nicholas Gene Brunette
REMINGER CO. LPA (Indianapolis)
nbrunette@reminger.com

Kathryn Daggett
Reminger
kdaggett@reminger.com

Daniel Gore
KEN NUNN LAW OFFICE
dgore@kennunn.com